UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANOUG TORAMANIAN,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 1:20-cv-01470-CBD<br><br>ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 31) |

Pending before the Court is the motion of Jonathan O. Peña ("Counsel") of Peña & Bromberg, PC, attorney for Manoug Tormanian's ("Plaintiff"), for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b), filed July 13, 2023, and the response of the Commissioner of Social Security ("Defendant" or "the Commissioner").  (Docs. 31, 33).  For the reasons set forth below, the motion will be granted.[1]

**Background**

On October 16, 2020, Plaintiff brought this action seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance benefits and

---

[1] Both parties consented to the jurisdiction of a magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 12).

1

supplemental security income under the Social Security Act. (Doc. 1). On August 17, 2021, Plaintiff filed a motion for summary judgment. (Doc. 17). Plaintiff argued:

> (1) the administrative law judge ("ALJ") committed harmful error by failing to give "specific and legitimate reasons for rejecting the only treating residual functional capacity ("RFC") opinion of record, (2) the RFC is not supported by substantial evidence, (3) the ALJ harmfully erred by failing to provide clear and convincing reasons to reject symptomology evidence, (4) the ALJ committed harmful error by failing to identify an apparent conflict between the DOT and VE testimony per SSR 00-4p.

*Id*. On December 16, 2021, the Court granted the parties' stipulation to voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 24-25). The Court entered judgment in favor of Plaintiff and against Defendant. (Doc. 26). The Court entered an order awarding $7,450.00 for attorneys fees under the Equal Access Justice Act ("EAJA") on March 18, 2022. (Docs. 27, 30).

On remand, the Commissioner found Plaintiff has been disabled since December 2015. (Doc. 31-1 at 1). Plaintiff was awarded $123,635.88 in retroactive benefits. *Id*. at 3. The Commissioner withheld $30,908.97 in Plaintiff's retroactive benefits to pay his appointed representative. *Id*. On July 13, 2023, Counsel filed the instant motion. (Doc. 31). Plaintiff was served with the motion and advised he had 14 days to object. *Id*. at 1, 9; (Doc. 32). Plaintiff did not file a response. On July 21, 2023, the Commissioner of Social Security ("Defendant") filed a response to Plaintiff's motion. (Doc. 33). Defendant summarized the applicable law but took no position on the reasonableness of the fee request. *Id*.

**Standard of Review**

42 U.S.C.§ 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may…certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b)(1)(A).  The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).  Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009); *see Gisbrecht*, 535 U.S. at 807-08 & n.17 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable).

When weighing the adequacy of requested attorney's fees, the Court should respect "the primacy of lawful attorney-client fee agreements." *Id*. at 793.  However, counsel still bears the burden of proving the requested fees are reasonable. *Id*.  In determining reasonableness, the court may consider the experience of the attorney, the results they achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged. *Id*. at 807-08; *Crawford*, 586 F.3d at 1151.  Further, any 406(b) award is offset by attorney fees granted under the EAJA. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012).

**Discussion**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a remand on the merits of his brief, and ultimately a substantial award of past-due benefits. (Docs. 17, 25-26, 31).  The undersigned has reviewed the docket in this matter and concludes there is no indication that Counsel engaged in dilatory conduct, excessive delay, or substandard performance.

Counsel's itemized bill reflects 38.55 hours spent on tasks such as reviewing the administrative transcript and pursuing the case to judgment, a reasonable amount of time for performance of those tasks. (Doc. 31-3).  Counsel requests $30,908.97 in fees, resulting in an hourly rate of $801.79.  Counsel argues this is considerably less than what other courts have found reasonable in recent years. *See* (Doc. 31 at 5-6) (citing cases).  The Ninth Circuit has found higher hourly rates reasonable in social security contingency fee arrangements. *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates

equaling $519.00, $875.00, and $902.00) (J.Clifton, concurring in part and dissenting in part). Even at this high rate, the amount requested cannot be said to amount to a windfall to Plaintiff's counsel. *Id.*. *See Smith v. Kijakazi*, No. 1:13-cv-01717-BAK (SKO), 2022 WL 1471035, at *2 (E.D. Cal. May 10, 2022) (collecting cases finding that similar amounts in attorneys' fees requested were appropriate). Based on the foregoing, the Court finds the request for fees in the amount of $30,908.97 is reasonable. *Gisbrecht*, 535 U.S. at 807-08.

An award of § 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $7,450.00 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED

1. Counsel for Plaintiff's motion for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. 31) is GRANTED; and

2. Counsel shall be awarded attorneys' fees in the amount of Thirty Thousand Nine-Hundred Eight Dollars and Fifty-Three Cents ($30,908.53); and

3. Upon receipt of the full attorney's fees, pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel shall reimburse Plaintiff the full amount of the EAJA fee, Seven Thousand Four Hundred Fifty Dollars ($7,450.00), previously awarded.

IT IS SO ORDERED.

Dated:   **August 24, 2023**                                   _____
                                                                UNITED STATES MAGISTRATE JUDGE

4